People v Delgado (2023 NY Slip Op 01485)

People v Delgado

2023 NY Slip Op 01485

Decided on March 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2023

Before: Kapnick, J.P., Kern, Gesmer, Moulton, Higgitt, JJ. 

Ind No. 273/19 Appeal No. 17531 Case No. 2020-01255 

[*1]The People of the State of New York, Respondent,
v
Juan Delgado, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Matthew Bova of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for respondent.

Judgment, Supreme Court, Bronx County (April A. Newbauer, J.), rendered January 15, 2020, convicting defendant, after a jury trial, of assault in the second degree and criminal obstruction of breathing or blood circulation, and sentencing him, as a second volent felony offender, to an aggregate term of five years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Defendant used a cell phone in a hard plastic case to strike the victim once on his forehead and nose, causing a two-inch, profusely bleeding laceration on the victim's forehead and fracturing his nose in multiple places. The evidence supported the conclusion that the phone was a dangerous instrument (see Penal Law § 10.00 [13]) because "under the circumstances of its use, it was readily capable of causing serious physical injury" (Matter of Joy T., 106 AD3d 456 [1st Dept 2013]; see People v Mitcham, 159 AD3d 641, 642 [1st Dept 2018], lv denied 31 NY3d 1085 [2018]).
The court properly denied defendant's request for a jury instruction on ordinary force justification. Viewing the evidence in the light most favorable to defendant, there was no reasonable view of the evidence to support a justification charge. The evidence unequivocally established that the physical altercation began when defendant struck the victim in the face with the phone, rendering defendant the "initial aggressor" (Penal Law § 35.15[1][b]), and there was no evidence in the record from which the jury could have drawn a different conclusion. Defendant cites various facts having no bearing on the issue of who was the initial aggressor, or speculation as to facts not in evidence. Accordingly, defendant was not entitled to a justification charge (see People v Brown, 33 NY3d 316, 325 [2019]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2023